UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES BROWNLEE, No. 161716,

    Petitioner,

Case No. 13-cv-10197

v.

HONORABLE STEPHEN J. MURPHY, III

STEVE RIVARD,

    Respondent.
_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF
HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY,
AND DENYING PERMISSION TO PROCEED IN FORMA PAUPERIS ON APPEAL**

Petitioner Charles Brownlee seeks habeas relief under 28 U.S.C. § 2254 from his conviction and sentence for two counts of armed robbery. His petition contains eight claims: (1) the sentencing guidelines were incorrectly scored; (2) Brownlee is entitled to resentencing due to the scoring errors; (3) the trial court erroneously exceeded the sentencing guidelines; (4) the trial court's sentence is disproportionate to the crimes; (5) Brownlee was denied the effective assistance of counsel at sentencing and for failing to move for a plea withdrawal; (6) the trial court erred in failing to allow Brownlee to withdraw his plea prior to sentencing him; (7) the prosecutor violated the terms of the plea agreement; and (8) Brownlee was denied the effective assistance of appellate counsel. All claims lack merit or are procedurally defaulted. Therefore, the Court will deny the petition, permission to proceed in forma pauperis on appeal, and a certificate of appealability.

**BACKGROUND**

A few months after completing his sentences for prior armed robberies, Brownlee committed two more. In one incident, Brownlee robbed a jewelry-store owner at gunpoint, and fired a shot into the floor when the victim refused to lie on the ground. In the other

incident, Brownlee robbed a different store, forcing a cashier to empty his register at gunpoint. For these crimes, Brownlee was charged in state court with two counts of armed robbery, carrying a concealed weapon, commission of a felony with a firearm, and being a fourth-time habitual felony offender.

At a status conference held on January 7, 2008, the prosecutor made his final plea offer on the record. The offer proposed that Brownlee would plead guilty to two counts of armed robbery in exchange for the dismissal of the other charges. In explaining the offer, the prosecutor stated that she expected the sentencing guidelines to produce a recommended sentencing range of 135 to 225 months, at best, and of 171 to 285 months, at worst. Brownlee's attorney then observed, "[T]he prosecutor is recommending that you be sentenced within the guidelines. So, assuming that the judge would agree to that, you're not at risk of him exceeding the guidelines." Plea Tr. at 9. And the attorney also said that it was "reasonable to expect that [the sentence] would be within those ranges." *Id.* at 10. Brownlee accordingly decided to accept the plea offer.

After being placed under oath, Brownlee was advised of the trial rights he would be waiving by pleading guilty. He said that he understood. Brownlee also denied that there were any promises or agreements, other than those placed on the record, made to obtain his plea. And Brownlee also acknowledged that he understood that his armed robbery convictions could result in a sentence of up to life in prison.

The court then asked the prosecutor to place the entire plea agreement on the record. In doing so, she stated, "[W]e have not agreed on any guideline range at all or reached a sentence agreement, other than we recommend he be sentenced within the guidelines, whatever they are." *Id.* at 13. Brownlee agreed that the prosecutor had stated the entire

agreement, denied that anyone had forced or coerced him to plead guilty, and affirmed that he was pleading guilty of his own free will. The court also stated that it had made no agreements or deals with anyone regarding the case. *Id.* at 17. And the court found that Brownlee voluntarily had entered the plea.

At the sentencing hearing, the court calculated the guidelines range at 135 to 225 months. But the court decided to depart from the guidelines range because of his extensive criminal history — the 46-year-old Brownlee had only been out of prison for a year and a half since he turning 18 — and the court's belief that he would eventually murder someone if free. The court accordingly sentenced him to between 30 and 75 years in prison.

Brownlee then moved, through his appellate counsel, to withdraw his plea or be resentenced. At the motion hearing, the trial court gave Brownlee the option of withdrawing his plea in view of the fact that the trial court exceeded the guidelines. And the court gave him the option of challenging the guidelines scoring and being resentenced, but cautioned that it was inclined to impose a sentence above the guidelines range. After consulting with his attorney, Brownlee decided not to withdraw his guilty plea. The court then heard oral argument about the guidelines scoring and reimposed the same sentence.

Brownlee then filed an application for leave to appeal in the Michigan Court of Appeals, raising the following claims:

> I. The defendant's sentences were invalid because they were based on inaccurate information, i.e., improper scoring of the legislatively imposed sentencing guidelines, use of an incorrect burden of proof, and insufficient facts; therefore, his due process rights were violated.
>
> II. Correctly scoring the guidelines would require resentencing.
>
> III. The judge committed reversible error by: using reasons not substantial and compelling nor objective and verifiable when sentencing above the guidelines; using his personal opinion and philosophy instead of following the

legislatively stated ones; using facts not proven beyond a reasonable doubt before a jury; violating the separation of powers doctrine; and violating constitutional due process and notice requirements, all of which require resentencing before a different judge.

IV. The defendant's sentence must be reversed because it was disproportionate.

The Michigan Court of Appeals affirmed Brownlee's conviction in a summary order. *People v. Brownlee*, No. 293769, (Mich. Ct. App. Dec. 21, 2009). Brownlee then applied for leave to appeal in the Michigan Supreme Court. His application was denied. *People v. Brownlee*, 487 Mich. 852 (2010).

Following the denial, Brownlee returned to the trial court and moved for relief from judgment for the following reasons:

I. Brownlee was denied effective assistance of counsel during his resentencing hearing and on appeal where counsel failed to conscientiously protect his interests in receiving full benefit of his sentencing agreement or the opportunity to withdraw from the plea bargain as guaranteed by law.

II. Mr. Brownlee was denied due process of law where the trial court did not provide an opportunity to withdraw the plea and proceed to trial after clearly informing Mr. Brownlee of the court's intent not to honor the terms of the plea bargain.

III. The Kent County Prosecutor's Office violated the terms of Mr. Brownlee's plea agreement where the prosecutor argued that the sentencing guidelines should be exceeded and that there was substantial and compelling reasons to do so.

IV. Equal protection violation-Brownlee should be given equal opportunity to withdraw from the State's unkept bargain.

The trial court denied the motion for relief from judgment in an opinion dated April 20, 2011, finding that Brownlee had failed to demonstrate "actual prejudice" with respect to each of his claims as required by Michigan Court Rule 6.508(D)(3)(b).

4

After the trial court denied the motion for relief from judgment, Brownlee filed an application for leave to appeal in the Michigan Court of Appeals. The Michigan Court of Appeals denied the application for leave to appeal, because he failed to establish entitlement to relief under Michigan Court Rule 6.508(D). *People v. Brownlee*, No. 305774, (Mich. Ct. App., Nov. 8, 2011). Brownlee then applied for leave to appeal this decision in the Michigan Supreme Court. It denied leave for the same reason as the Michigan Court of Appeals. *People v. Brownlee,* 491 Mich. 942 (2012).

## STANDARD OF REVIEW

In a proceeding under 28 U.S.C. § 2254, a writ of habeas corpus may issue only if the state court adjudication of a claim on the merits

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court decision is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409.

Because "a federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system," *Miller–El v. Cockrell*, 537 U.S. 322, 340 (2003), a federal court may not "issue the writ simply because that court

concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams*, 529 U.S. at 410–11. Instead, a "highly deferential standard" applies under which "state-court decisions be given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010) (quoting first *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7 (1997), and second *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (per curiam)). Therefore, "so long 'fairminded jurists could disagree' on the correctness of the state court's decision," a state court's determination that a claim lacks merit will preclude habeas relief. *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)); *see also Wetzel v. Lambert*, 132 S. Ct. 1195, 1199 (2012).

## DISCUSSION

I. <u>Sentencing Guidelines</u>

Brownlee's first three claims concern the scoring of the sentencing guidelines. Brownlee argues that the guidelines were incorrectly scored, that the trial court relied on facts not admitted by him or proven beyond a reasonable doubt, and that the court did not state sufficient reasons for exceeding the recommended guideline range.

To the extent these claims rely on purported state-law errors, they lack merit because a state court's interpretation and application of its own sentencing laws and guidelines is a matter of state concern only. *See Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003); *see also Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) ("[F]ederal habeas corpus relief does not lie for errors of state law."). Consequently, Brownlee's claim that the trial court incorrectly calculated the state sentencing guidelines is not cognizable on federal habeas review. *See Tironi v. Birkett*, 252 F. App'x 724, 725 (6th Cir. 2007); *McPhail v. Renico*, 412

F. Supp. 2d 647, 656 (E.D. Mich. 2006); *Robinson v. Stegall*, 157 F. Supp. 2d 802, 823 (E.D. Mich. 2001).

Similarly, Brownlee's claim that the state trial court improperly departed above the sentencing guidelines range does not entitle him to habeas relief. *Welch v. Burke*, 49 F. Supp. 2d 992, 1009 (E.D. Mich. 1999); *see also Drew v. Tessmer,* 195 F. Supp. 2d 887, 889-90 (E.D. Mich. 2001). Because he "had no federal constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations," any error by the trial court in calculating the guidelines score or in departing above the sentencing guidelines is not a cognizable habeas claim. *Doyle v. Scutt,* 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004).

Moreover, Brownlee's claim that the trial court's failed to sufficiently articulate substantial and compelling reasons for departing above the sentencing guidelines range, as required by Mich. Comp. Laws § 769.34(3), is not cognizable. This claim is simply another allegation that the state court violated Michigan law. *See Koras v. Robinson,* 123 F. App'x 207, 214 (6th Cir. 2005); *Jackson v. Hofbauer*, No. 08-14649, 2008 WL 4937956, * 3 (E.D. Mich. Nov. 13, 2008).

Brownlee also challenges the calculation of the sentencing guidelines based on *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Blakely v. Washington*, 542 U.S. 296 (2004). In *Apprendi*, the Supreme Court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490. *Blakely* then clarified the circumstances in which this rule applies. There, the Supreme Court explained "that the 'statutory maximum' for *Apprendi* purposes is the

maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." *Blakely*, 542 U.S. at 303 (emphasis omitted).

Michigan has an indeterminate sentencing scheme in which "[t]he maximum penalty is set by statute, but the minimum penalty is determined by the sentencing court and must fall within a mandated guidelines range." *Montes v. Trombley*, 599 F.3d 490, 496 (6th Cir. 2010). The Sixth Circuit has previously upheld this structure as constitutional. *See id.* at 494–98; *Chontos v. Berghuis*, 585 F.3d 1000, 1001–02 (6th Cir. 2009). Although *Alleyne v. United States*, 133 S. Ct. 2151 (2013), which extended *Apprendi* to mandatory minimum sentences, may cast doubt on these decisions, *Alleyne* issued after the conclusion of all state court proceedings in Brownlee's case. Therefore, *Alleyne* cannot be considered in evaluating the reasonableness of the state court's decision under the then-existing law. *See Seals v. Rivard*, No. 07-11309, 2014 WL 1091749, at *9 (E.D. Mich. Mar. 18, 2014). Brownlee's *Apprendi* claim thus lacks merit.

II.     Proportionality of Sentence

Brownlee's fourth claim asserts that his sentence of 30 to 75 years is disproportionate to the severity of his crimes. Courts assess this type of Eighth Amendment challenge by comparing the gravity of the offense to the severity of the sentence. *Graham v. Florida*, 560 U.S. 48, 60 (2010). Only in the "rare case in which this threshold comparison leads to an inference of gross disproportionality," is it then necessary to "compare the defendant's sentence with the sentences received by other offenders in the same jurisdiction and with the sentences imposed for the same crime in other jurisdictions." *Id.* (internal citations and quotation marks omitted).

Here, a comparison of Brownlee's crime and the sentence imposed, does not "lead to an inference of gross disproportionality." *Harmelin v. Michigan*, 501 U.S. 957, 1005 (1991) (plurality opinion). States have "broad authority" to determine the appropriate sentence for a crime and may justifiably consider armed robbery to be a serious crime. *Solem v. Helm*, 463 U.S. 277, 290 (1983). Brownlee's actions illustrate this very point. Not content to simply take jewelry and money, he held a gun on two victims and shot into the floor a few feet from the jewelry store owner. The trial court thus aptly observed that he could very well kill someone by continuing this type of conduct.

Given the seriousness of Brownlee's offenses, the sentence imposed was not grossly disproportionate. The Supreme Court has upheld far tougher sentences for less serious offenses. *See Lockyer v. Andrade*, 538 U.S. 63 (2003) (upholding a sentence of 50 years to life under California's three-strikes law for stealing nine videotapes); *Ewing v. California*, 538 U.S. 11 (2003) (upholding a sentence of 25 years to life under California's three-strikes law for the theft of three golf clubs); *Hutto v. Davis*, 454 U.S. 370 (1982) (per curiam) (upholding a 40-year sentence for possession of nine ounces of marijuana with the intent to distribute); *Rummel v. Estelle*, 445 U.S. 263 (1980) (upholding a life sentence under Texas's recidivist statute for obtaining $120.75 by false pretenses). And lower courts have understood these decisions to authorize lengthy sentences for armed robbery. *See, e.g., Little v. Butler*, 848 F.2d 73, 77 (5th Cir. 1988) (25 year sentence for attempted armed robbery not disproportionate); *United States v. Oglesby*, 764 F.2d 1273, 1279 (7th Cir. 1985); (20 year sentence for armed robbery not disproportionate); *Hanks v. Jackson*, 123 F. Supp. 2d 1061, 1075 (E.D. Mich. 2000) (Gadola, J.) (20 to 50 year sentence for armed robbery not disproportionate).

9

Therefore, Brownlee's fourth claim does not provide a basis for granting habeas relief.

### III. Procedurally Defaulted Claims

Brownlee raised his remaining claims, which concern the allegedly ineffective assistance of his attorneys and the prosecutor's failure to abide by the plea agreement, for the first time in his motion for relief from judgment. Because he failed to make these claims on direct appeal, the Michigan courts rejected his claims on procedural grounds. The respondent thus argues that Brownlee cannot seek habeas relief on these claims.

When the state courts clearly and expressly rely on a valid state procedural bar, federal habeas review is also barred unless petitioner can demonstrate "cause" for the default and actual prejudice as a result of the alleged constitutional violation, or can demonstrate that failure to consider the claim will result in a "fundamental miscarriage of justice." *See Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991). If a petitioner fails to show cause for his procedural default, it is unnecessary for the court to reach the prejudice issue. *See Smith v. Murray*, 477 U.S. 527, 533 (1986). But in an extraordinary case when a constitutional error has probably resulted in the conviction of one who is actually innocent, a federal court may consider the constitutional claims presented even in the absence of a showing of cause for procedural default. *See Murray v. Carrier*, 477 U.S. 478, 479-80 (1986).

Michigan Court Rule 6.508(D)(3) precludes a court from granting postconviction relief on claims that could have been raised on direct appeal but were not, unless the convicted defendant shows good cause for his failure and actual prejudice. Because the Michigan Court of Appeals and the Michigan Supreme Court summarily denied Brownlee leave to file postconviction appeals, their decisions leave unclear whether procedural default

motivated the denials. This Court must "therefore look to the last reasoned state court opinion to determine the basis for the state court's rejection" of Brownlee's claims. *See Guilmette v. Howes*, 624 F. 3d 286, 291 (6th Cir. 2010).

The Kent Circuit Court judge rejected all of Brownlee's post-conviction review claims on the ground that Brownlee had failed to show "actual prejudice," as required by Rule 6.508(D)(3)(b). Because the trial court judge denied post-conviction relief based on the procedural grounds stated in Rule 6.508(D)(3)(b), these post-conviction claims are clearly procedurally defaulted. *See Ivory v. Jackson*, 509 F. 3d 284, 292-93 (6th Cir. 2007). The fact that the trial court may have also discussed the merits of petitioner's claims in addition to invoking the provisions of Rule 6.508(D)(3) to reject petitioner's claims does not alter this analysis. *See Alvarez v. Straub*, 64 F. Supp. 2d 686, 695 (E.D. Mich. 1999). A federal court need not reach the merits of a habeas petition where the last state court opinion clearly and expressly rested upon procedural default as an alternative ground, even though it also expressed views on the merits. *See McBee v. Abramajtys*, 929 F. 2d 264, 267 (6th Cir. 1991). These are therefore procedurally defaulted.

To overcome the default, Brownlee must therefore demonstrate cause and prejudice. He attempts to do so by arguing that his appellate counsel was ineffective for failing to raise these claims on his appeal of right. Although ineffective assistance of counsel may demonstrate cause, *see Edwards v. Carpenter*, 529 U.S. 446, 451 (2000), Brownlee does not show his appellate counsel was ineffective.

It is well-established that a criminal defendant does not have a constitutional right to have appellate counsel raise every non-frivolous issue on appeal. *See Jones v. Barnes*, 463 U.S. 745, 751 (1983). In fact, "the hallmark of effective appellate advocacy" is the

"process of 'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail." *Smith v. Murray*, 477 U.S. 527, 536 (1986) (quoting *Barnes*, 463 U.S. at 751-52). Therefore, "only when ignored issues are clearly stronger than those presented will the presumption of effective assistance of appellate counsel be overcome." *Monzo v. Edwards*, 281 F.3d 568, 579 (6th Cir. 2002).

Here, Brownlee has failed to show that his counsel's decision to omit certain arguments were more than a tactical choice that is "properly left to the sound professional judgment of counsel." *United States v. Perry*, 908 F.2d 56, 59 (6th Cir. 1990). His appellate counsel filed a substantial brief, raising claims that are the lead issues in this case. Brownlee's appellate counsel could justifiably have thought it unwise to argue that trial counsel was ineffective given the wide discretion given to attorneys and the lack of evidence of ineffective assistance of trial counsel. Even now, Brownlee's main complaint concerning his attorney concerns more the judge's decision not to follow the prosecutor's sentencing recommendation than anything else. And appellate counsel could have thought it particularly unwise to attack the prosecutor's alleged failure to abide by the plea agreement given that Brownlee had the opportunity to withdraw from it but chose not to do so. Because the defaulted claims are not "dead bang winners," Brownlee has failed to establish cause for his procedural default of failing to raise these claims on direct review. *See McMeans v. Brigano*, 228 F. 3d 674, 682-83 (6th Cir. 2000). Determining whether he suffered any prejudice is thus unnecessary.

Additionally, Brownlee has not established that a fundamental miscarriage of justice has occurred. The miscarriage of justice exception requires a showing that a constitutional violation probably resulted in the conviction of one who is actually innocent. *See Schlup v.*

*Delo*, 513 U.S. 298, 326-27 (1995). "To be credible, [a claim of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence — whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence — that was not presented at trial." *Id.* at 324. Because Brownlee does not contest his guilt, a miscarriage of justice will not occur if the Court declines to review the procedurally defaulted claims on the merits. *See Mack v. Jones*, 540 F. Supp. 2d 840, 847 (E.D. Mich. 2008). Brownlee is thus not entitled to habeas relief on his remaining claims.

## CERTIFICATE OF APPEALABILITY

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if the petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court finds that reasonable jurists could not conclude that this Court's dismissal of the claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability. The Court will also deny permission to proceed on appeal in forma pauperis because any appeal would be frivolous.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Brownlee's petition for a writ of habeas corpus is **DENIED**.

**IT IS FURTHER ORDERED** that permission to proceed in forma pauperis and a certificate of appealability are **DENIED**.

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: June 19, 2014

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 19, 2014, by electronic and/or ordinary mail.

s/Carol Cohron
Case Manager